UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MATTHEW GRANT,　　　　　　　　　　　　　　CIVIL NO. 09-2818 (DWF/JSM)

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner of Social Security

　　　Defendant.

JANIE S. MAYERON, United States Magistrate Judge.

The above matter came before the undersigned upon defendant's Motion to Dismiss [Docket No. 6]. Plaintiff is appearing pro se; defendant is represented by Lonnie F. Bryan, Assistant United States Attorney.

**I.　　PROCEDURAL BACKGROUND**

Plaintiff initiated this case on October 9, 2009. See Docket No. 1. Plaintiff sought judicial review of a determination by defendant which denied plaintiff's Application for Disability Insurance Benefits. On the Complaint, he stated his address as "General Delivery, Virginia, Minnesota 55792." Id.

On October 13, 2009, plaintiff was granted leave to proceed in forma pauperis. See Docket No. 3. On December 18, 2009, defendant filed a Motion to Dismiss [Docket No. 6]. Defendant argued that this Court lacks subject matter jurisdiction because there is no final administrative decision in this case.

Plaintiff failed to respond to defendant's motion to dismiss. On January 4, 2010, plaintiff was ordered by this Court to "serve and file his Response to defendant's Motion

to Dismiss [Docket No. 6] on or before February 15, 2010." See January 4, 2010 Order [Docket No. 10]. On January 12, 2010, mail sent to plaintiff attempting to notify him of this order was returned as undeliverable. See Docket No. 11. A second attempt at delivery also failed on February 8, 2010 and the mail was once again returned as undelivered and unclaimed. See Docket No. 12. Plaintiff has not provided the Court with notice of a change of address or any updated contact information. As of the date of this Report and Recommendation, the Court has not received plaintiff's response to defendant's Motion to Dismiss and plaintiff has not requested an extension of time to file his response.

For the reasons discussed below, it is recommended that defendant's Motion to Dismiss [Docket No. 6] be GRANTED and plaintiff's Complaint [Docket No. 1] be DISMISSED with Prejudice.

## II.    ANALYSIS

Plaintiff has not communicated with the Court for more than seven months and has not responded to the Motion to Dismiss that had been pending since January of 2010. Based on plaintiff's failure to abide by this Court's January 4, 2010 Order requiring him to respond to defendant's Motion to Dismiss by February 15, 2010 and his continued failure to prosecute his case since the filing of his Complaint on October 9, 2009, it is recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and

2

expeditious disposition of cases."); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint).

Plaintiff's apparent inability to receive mail [Dockets No. 11-12] does not excuse his failure to prosecute his case, nor does the possibility that he has not been notified of defendant's Motion to Dismiss [Docket No. 6] and the Court's January 4, 2010 Order to File a Response [Docket No. 10]. "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." Fate v. Doe, No. 07 Civ. 9256, 2008 WL 1752223 at *2 (S.D.N.Y. Apr. 16, 2008); see also Passe v. City of New York, No. CV 02-6494, 2009 WL 290464 at *4 (E.D.N.Y. Jan. 5, 2009) (holding that plaintiff is responsible for failure to receive communications due to plaintiff's failure to provide the court with updated and correct contact information); Abraham v. Singh, No. Civ.A. 04-0044, 2005 WL 2036887 at *2 (E.D. La. July 27, 2005) (noting that plaintiff's inaccessibility and failure to update his address suggest a failure to prosecute his case). While plaintiff has listed his address as "general delivery" [Docket No. 1] and may have no permanent address, he is still required to comply with court orders and to prosecute his case in accordance with federal and local rules. See O'Neal v. Cook Motorcars, Ltd., No. Civ. L-96-1816, 1997 WL 907900 at *1 (D. Md. Apr. 1, 1997) (finding that a pro se plaintiff without a fixed address or telephone number is still obligated to prosecute his case).

### III. RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein,

**IT IS RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss [Docket No. 6] be **GRANTED**; and

2. Plaintiff's Complaint [Docket No. 1] be **DISMISSED** with Prejudice.


Dated: July 13, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 27, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.